**MEMO ENDORSED**

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------X
:
STRIKE 3 HOLDINGS, LLC, :
:   Case No. 1:24-cv-00648-KMK
Plaintiff, :
:
vs. :
:
JOHN DOE subscriber assigned IP address :
68.197.138.248, :
:
Defendant. :
------------------------------------------------------------------X

> Plaintiff's Motion is provisionally granted until Defendant has an opportunity to be heard. Once Defense counsel enters an appearance, they shall respond to the Court's order, (Dkt. No. 17), within the time allotted to answer the Complaint.
>
> Dated: June 20, 2024
>
> SO ORDERED
>
> KENNETH M. KARAS U.S.D.J.

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE UNREDACTED VERSIONS OF ITS FIRST AMENDED COMPLAINT, PROPOSED SUMMONS, AND RETURN OF SERVICE UNDER SEAL

Pursuant to the Court's directions in its June 4 Order "to provide case law that explains why the proposed protective order is consistent with the First Amendment and common law rights of access to court filings," [D.E. 17], Plaintiff, Strike 3 Holdings, LLC, hereby respectfully submits the following Memorandum of Points and Authorities in support of its Motion for Leave to File Unredacted Versions of its First Amended Complaint, Proposed Summons, and Return of Service Under Seal. [D.E. 16].

"The common law right of public access to judicial documents is said to predate the Constitution." *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) (citation omitted). This is reenforced by the First Amendment, which further "secure[s] to the public and to the press a right of access to civil proceedings." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006) (quoting *Westmoreland v. Columbia Broad. Sys., Inc.*, 752 F.2d 16, 23 (2d Cir. 1984)). This so-called "right of access," however, "is not absolute." *See id.* at 120 n.4

1

Rather, the right of access creates a presumption in favor of openness of "judicial documents," *Newsday LLC v. Cnty of Nassau*, 730 F.3d 156, 163-64 (2d Cir. 2013), which like all presumptions, it is rebuttable. *Lugosch*, 435 F.3d at 124. The weight of the presumption is a function of (1) "the role of the material at issue in the exercise of Article III judicial power" and (2) "the resultant value of such information to those monitoring the federal courts," balanced against "competing considerations" such as "the privacy interests of those resisting disclosure." *Id.* at 119–20 (internal quotation marks omitted). Moreover, "access to judicial documents should not be permitted [when they may] 'promote public scandal with no corresponding assurance of public benefit[.]'" *See Mirlis v. Greer*, 952 F.3d 51, 56 (2d Cir. 2020) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 603, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978)). "This concern is amplified where, as here, [the materials] involve[] primarily conduct that is not of national or statewide importance[.]" *See id.* at 63.

Courts have recognized that allegations concerning the infringement of adult works involve inherently private matters. *Next Phase Distribution, Inc. v. Does 1-138*, No. 11-9706, 2012 WL 691830, at *1 (S.D.N.Y. Mar. 1, 2012); *Digital Sin, Inc. v. Does 1–5698,* No. 11-04397, 2011 WL 5362068, at *4 (N.D. Cal. Nov. 4, 2011)). But the remedies to address such concerns vary. *Infra*. Plaintiff, in essence, seeks to preserve Defendant's privacy interest. At a minimum, the safeguards should last long enough for Defendant to gain notice of the litigation and advocate for–if desired– a protective order based on the life circumstances to which only Defendant can attest.

After obtaining the subscriber's identity from the ISP, Plaintiff determined that there is a good faith basis to identify a third-party–someone *other* than the subscriber–as the infringer ("Defendant"). *See Cobbler Nevada, LLC v. Gonzalez*, 901 F.3d 1142 (9th Cir. 2018); *see also Strike 3 Holdings, LLC v. Doe*, 964 F.3d 1203, 1211–12 (D.C. Cir. 2020). It is not known, and not likely, that Defendant has been notified of the prior subpoena or this litigation in general.

2

Plaintiff now intends to amend its pleadings to (1) replace the John Doe party, *see Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013), and (2) allege additional evidence that identifies Defendant as the infringer. *See generally Strike 3 Holdings, LLC v. Vokoun*, No. 20-14321, 2022 WL 310201, at *3 (D.N.J. Feb. 2, 2022).

This creates a dilemma: to comply with the Federal Rules, Plaintiff's amended complaint and other case initiating documents would identify Defendant (directly or indirectly), which would in turn moot any potential relief Defendant may later seek to safeguard his identity. *See Strike 3 Holdings, LLC v. Doe*, No. 23-10866, 2023 WL 8654919, at *2 (E.D. Mich. Dec. 14, 2023).

In response, courts have taken divergent views on whether to allow claims in these matters to be defended under a pseudonym (and seal documents from public access). Some courts have allowed this relief based on Plaintiff's interest in not being (wrongfully) accused of engaging in coercive settlement practices.[1] However, other courts have found this interest to be insufficient,[2] and some have even questioned whether Plaintiff's interest is to improperly "shroud" enforcement of its copyrights in secrecy.[3] Finally, some courts have adopted a middle approach, permitting this relief on a provisional basis so that the Defendant may be made a party and given an opportunity

---

[1] *See, e.g.*, *Strike 3 Holdings, LLC v. Doe*, No. 22-1955 (E.D.N.Y. Dec. 3, 2022) (Levy, J.); *Strike 3 Holdings, LLC v. Doe*, 21-20538, D.E. 21 (D.N.J. July 21, 2022) (Espinosa, J.); *Strike 3 Holdings, LLC v. Doe*, No. 21-792 (E.D.N.Y. Aug. 27, 2021) (Levy, J.).

[2] *See, e.g.*, *Strike 3 Holdings, LLC v. Aumiller*, No. 22-1919, 2023 WL 3749969 (D.N.J. June 1, 2023); *Strike 3 Holdings, LLC v. Doe*, No. 22-307, 2023 WL 113564 (M.D. Fla. Jan. 5, 2023); *Strike 3 Holdings, LLC v. Doe*, No. 22-2641, D.E. 8 (E.D. Pa. Sept. 28, 2022) (Wolson, J.); *Strike 3 Holdings, LLC v. Cacciapaglia*, No. 22-3965 (E.D.N.Y. Sept. 27, 2022) (Cogan, J.); *Strike 3 Holdings, LLC v. Doe*, 21-2412 (E.D.N.Y. Dec. 8, 2021) (Bulsara, J.); *Strike 3 Holdings, LLC v. Doe*, No. 20-114321, 2021 WL 7286225 (D.N.J. Dec. 22, 2021), *default judgment entered sub nom.*, 2022 WL 310201 (D.N.J. Feb. 2, 2022).

[3] *See, e.g.*, *Strike 3 Holdings, LLC v. Doe*, 637 F. Supp. 3d 187, 200 (D.N.J. 2022); *Strike 3 Holdings, LLC v. Doe,* No. 21-17860, 2022 WL 2274473, at *3 (D.N.J. June 23, 2022); *Strike 3 Holdings, LLC v. Doe*, No. 21-269, D.E. 13 at *5 (S.D.N.Y. May 30, 2021) (Vyskocil, J.); *see also Strike 3 Holdings, LLC v. English*, No. 21-15651, 2022 WL 17991144 (D.N.J. Dec. 29, 2022); *Strike 3 Holdings, LLC v. DeFina*, No. 21-15681, 2022 WL 16744122 (D.N.J. Nov. 7, 2022).

to be heard on his or her privacy interest,[4] before deciding whether to permit the relief the continue on a more permanent basis.[5]

Again, Plaintiff requests the Court, at a minimum, provisionally enter a protective order sealing Defendant's identifying information (and allowing him to proceed pseudonymously). This would permit Plaintiff to serve process on Defendant, making him a party to the litigation, while giving Defendant the opportunity to seek counsel and advance his privacy interests.

First, the First Amended Complaint and the accompanying documents are judicial documents. While Plaintiff seeks to seal these unredacted materials, it has filed (and will file) the materials on the public docket with only redactions to Defendant's identifying information: his name, address, and other information that could be used to identify him.

Second, "[i]f a court determines the record at issue is a 'judicial document,' a determination that thereby attaches the common law presumption of public access to that record, it must next determine the particular weight of that presumption of access for the record at issue." *Olson v. Major League Baseball*, 29 F.4th 59, 87 (2d Cir. 2022) (citing *Lugosch*, 435 F.3d at 119). Here, the public interest is diminished because this is not a matter of national or statewide importance. *Cf. Mirlis*, 952 F.3d at 63. The litigation–and allegations contained within the First Amended

---

[4] *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999); *Omni Capital Int'l, Ltd. v. Rudolph Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987).

[5] *See, e.g.*, *Strike 3 Holdings, LLC v. Doe*, No. 23-3733, D.E. 16 (N.D. Cal. Dec. 14, 2023); *Strike 3 Holdings, LLC v. Doe*, No. 23-455 (E.D.N.Y. Aug. 4, 2023 and Dec. 12, 2023) (Henry, J.); *Strike 3 Holdings, LLC v. Doe*, No. 22-7885, D.E. 11 (E.D.N.Y. July 26, 2023); *Strike 3 Holdings, LLC v. Doe*, No. 22-7881 (E.D.N.Y. Apr. 28 and June 2, 2023); *Strike 3 Holdings, LLC v. Doe*, No. 22-482 (E.D.N.Y. Nov. 14, 2022 and Dec. 15, 2022); *Strike 3 Holdings, LLC v. Doe*, No. 22-1138 (E.D.N.Y. Aug. 26, 2022 and Dec. 13, 2022); *Strike 3 Holdings, LLC v. Doe*, No. 22-398, 2022 WL 16695170 (M.D. Fla. Nov. 3, 2022); *Strike 3*, 2022 WL 14838018 at *8; *Strike 3 Holdings, LLC v. Doe*, No. 21-20543, D.E. 23 (D.N.J. Sept. 30, 2022); *Strike 3 Holdings, LLC v. Doe,* No. 21-5178, 2022 WL 2276352 (E.D. Pa. June 22, 2022); *Strike 3 Holdings, LLC v. Doe*, No. 21-3702, 2022 WL 1214170 (E.D. Pa. Apr. 25, 2022); *Strike 3*, 2021 WL 7286225 at *6.

Complaint–also pertains to deeply intimate details of Defendant's private life. It is not clear at this stage what impact, if any, disclosure of these details may precipitate. The party best left to explain this effect is Defendant, who is not yet a party to the litigation.

Third, "once the weight of the presumption has been assessed, the court is required to 'balance competing considerations against it.'" *Olson*, 29 F.4th at 88 (citation omitted). The balance weighs in favor or some protections. There is no clear and immediate public intertest in knowing Defendant's identity, and he should be given an opportunity to petition for a more exacting protective order. The public will, via the public docket, still be able to access all facets of this matter except for Defendant's identity. Accordingly, Plaintiff respectfully requests the Court grant its Motion for Leave to File Unredacted Versions of its First Amended Complaint, Proposed Summons, and Return of Service Under Seal, [D.E. 16], and entry of an order permitting Plaintiff to file an unredacted version of its First Amended Complaint, proposed Case summons, and return of service under seal under seal so that it may include Defendant's name, address, and other factual information central to Plaintiff's claim.

Dated: June 18, 2024                                  Respectfully submitted,

                                          By:   /s/ *Jacqueline M. James*
                                                Jacqueline M. James, Esq. (1845)
                                                The James Law Firm, PLLC
                                                445 Hamilton Avenue
                                                Suite 1102
                                                White Plains, New York 10601
                                                T: 914-358-6423
                                                F: 914-358-6424
                                                E-mail: jjames@jacquelinejameslaw.com
                                                *Attorneys for Plaintiff*